## James B. Porter v. Peter Van Dyke and another.

*Statute construed : Ejectment : Tax deeds : Limitations.* The statute of 1842 (*Laws of 1842, p. 133*), fixing limitations as to actions of ejectment brought by or against those claiming under tax deeds, is held to be applicable only to conveyances on sales for delinquent taxes thereafter assessed.

*Charge to the jury : Immaterial error : Evidence : Verdict.* Where the circuit judge, in his charge to the jury, deeming said statute applicable, has instructed them that if they found that the defendant had been in possession under his tax deed for ten years the plaintiff could not recover, it cannot be said the instruction was immaterial because the evidence tended to show that the possession had in fact continued twenty years, which was sufficient to bring the case within the general statute of limitations ; for the verdict for the defendants under the charge given, is not a finding of possession for twenty years, nor does it indicate what the finding would have been on the evidence without such charge.

*Heard January 6. Decided January 19.*

Error to Ottawa Circuit.

This was an action of ejectment brought by plaintiff in error against defendants in error. Judgment below passed for defendants, and plaintiff brings error.

*Hawes & Edson,* for plaintiff in error.

*Sliter & Grove,* for defendants in error.

COOLEY, J.

The plaintiff in this case traced title to the land in controversy through a regular chain of conveyances from the government. The defendants relied upon possession under their grantor, Hiram Jennison, who, they claimed, took actual possession under a tax deed given by the auditor general on a sale of the land for delinquent taxes of 1840. The time of continuous possession under this deed was in dispute, but the court instructed the jury that if it continued for ten years, the plaintiff could not recover.

The correctness of this instruction depends upon the proper construction of sections one and two of "An act in relation to certain actions in ejectment," approved February 17, 1842, which was in force when possession was taken. These sections are as follows:

SECTION 1. "Be it enacted by the senate and house of representatives of the state of Michigan, that all suits in ejectment hereafter instituted to recover any lands or tenements by any person claiming title under, through or by virtue of any, deed or conveyance executed or heretofore to be executed by any treasurer of any of the counties of this state, or of the auditor general, on account of any sale for the non-payment of any tax hereafter assessed or hereafter to be assessed upon such lands and tenements, the said suit in ejectment shall be commenced within six years from the date of such deed or conveyance, and not thereafter."

SECTION 2. "Whenever any person claiming title under, through, or by virtue of any such deed or conveyance, shall have entered or shall enter into the actual possession, and occupy the said lands and tenements described in such deed, any suit in ejectment to recover said lands and tenements, instituted by any person claiming title through any other source, shall be commenced within ten years from the time of so taking the actual possession as aforesaid, and not thereafter."

These sections are very far from clear, and it seems not

31 MICH.—23.

improbable that some one or more important words are not what the draughtsman designed; and perhaps not what were originally employed. However that may be, we must take the act as it reads, and in terms it seems not applicable to the case. The first section clearly refers to conveyance on sales for delinquent taxes thereafter to be assessed, and the second refers back to the first for a description of the deed or conveyance under which the possession is to be taken, and it is only a claim of title "under, through or by virtue of any such deed or conveyance;" that is to say, one given on a sale made for taxes thereafter to be assessed, that is to ripen into a title by a possession of ten years. The instruction complained of was therefore erroneous.

It was suggested on the argument, that the instruction was immaterial, as the possession in fact had continued a sufficient length of time to bring the case under the general statute of limitations; that is to say, for twenty years; but the jury have not so found, and we have no means of knowing that they would do so on the evidence.

The judgment must be reversed, with costs, and a new trial ordered.

The other Justices concurred.